Frankie L. WILBOURN, Appellant,

v.

The STATE of Texas, Appellee.

No. 49813.

Court of Criminal Appeals of Texas.

June 11, 1975.

Rehearing Denied July 9, 1975.

---

1. Article 6687–1, Sections 1 and 2, V.A.T.C.S.

Charles W. Fairweather and Selden B. Hale, Amarillo, for appellant.

Stephen F. Cross, Dist. Atty., Borger, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder with malice. The jury assessed punishment at ninety years.

The controlling issue concerns the introduction of evidence of rape committed by appellant and his co-indictee, William Harrison, approximately three days before the homicide.

On the morning of September 15, 1971, workmen spotted a pile of clothing just off the highway outside the city of Borger. Following what appeared to be drag marks into a pasture a short distance away, they found the partially clad body of Carol Ann Martin. An autopsy showed that a stab wound in the chest caused her death. There was no evidence of a sexual assault.

Both the appellant and Harrison were indicted for the murder. Harrison was tried first and convicted.[1]

During its case-in-chief, the State called P——— L——— who testified that on September 11, 1971, prior to the murder, appellant and Harrison forcibly raped her. She testified that she was working as a waitress in a bar in Odessa when Wilbourn and Harrison entered and spent the evening drinking beer and playing pool. Wilbourn asked her to go dining and dancing with him after she finished work and she agreed. Instead of going to a club, they drove out into the country and stopped. From one o'clock a. m. to about six o'clock a. m., while threatening her with a knife, Wilbourn and Harrison alternated in sexually assaulting her. When they finished, Wilbourn stated that they could either kill her or threaten her to remain silent. They finally decided to take her back to Odessa. After they let her out of the car, she called the police.

The State's case was based on circumstantial evidence.[2]

The State contends that the testimony of P——— L——— aided the jury in understanding the context of the present case by explaining, among other things, why the appellant and Harrison left Odessa. The State relies on Simmons v. State, 504 S.W.2d 465 (Tex.Cr.App.1974). Simmons complained in his appeal from a conviction of murder with malice that the trial court erred in admitting evidence of extraneous burglary and theft offenses. Simmons first burglarized a residence on August 2, returned on August 3rd to obtain property that he could not carry away before and on that occasion was surprised by the deceased whom he took off and drowned. This Court said that evidence of the burglaries was

---

1. His conviction was affirmed in Harrison v. State, 501 S.W.2d 668 (Tex.Cr.App.1973). Harrison confessed and much of the evidence in that trial does not appear in the record in the present case.

2. Throughout the process of this trial the State and the defense referred to a diagram showing the general location where the body was found, where the car was abandoned, where the knife was found, where a lug wrench was found and where a pile of clothes was found. It is difficult to follow this record and understand the meaning of the locations of the various items and the proximity of those items to each other without the diagram in the record. Counsel and the court should, especially in cases like this, preserve such diagram and see that it is included in the record in order to aid this Court in understanding the testimony given.

admissible because it was so interconnected with the commission of the murder that it could not be separated and was, therefore, admissible as res gestae to show the context in which the murder occurred.

In Powers v. State, 508 S.W.2d 337 (Tex. Cr.App.1974), this Court held that in a trial for murder with malice evidence of an extraneous offense of burglary which occurred some two to two and a half hours after the commission of the murder and some seven or eight miles away from the scene of the murder was not admissible because there was no showing that it was part of the same continuing transaction.

The rape occurred approximately three days before the murder of Carol Ann Martin. It was not res gestae of the offense of murder of Carol Ann Martin. The evidence of the alleged rape is not admissible on the issues of identity, intent, malice or motive. See Ransom v. State, 503 S.W.2d 810 (Tex. Cr.App.1974).

Appellant did not testify and no defense was established.

In 23 Tex.Jur.2d, Evidence, Section 194, page 294, it is stated:

"As a general rule, in criminal cases the accused can be convicted, if at all, only by evidence that shows that he is guilty of the offense charged. Consequently, evidence that he has committed other crimes that are remote and wholly disconnected from the offense with which he is charged is ordinarily inadmissible. . . ."

See McAllister v. State, 489 S.W.2d 887 (Tex.Cr.App.1973). There are exceptions to the general rule. See Owens v. State, 450 S.W.2d 324 (Tex.Cr.App.1970). One of those exceptions is to controvert a defense advanced by a defendant.

No defense of alibi was shown. No question of identity was raised. No exception to the rule of admitting extraneous transactions is shown. The witness should not have been permitted to testify concerning her abduction and the assaults committed upon her.

Because of the admission of such testimony, the judgment is reversed and the cause remanded.