Leland Boyce LEWIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 50190.

Court of Criminal Appeals of Texas.

Nov. 19, 1975.

---

John E. Rapier, Randolph Scott and Malcolm Dade, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler, John Ovard and Robert Whaley, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is conspiracy to commit arson under Article 1622, V.A.P.C.; the punishment, five years.

The State's case was that two men had been hired by the appellant to burn down a certain building belonging to a business competitor. Police officers were informed of the plan and intervened in time to prevent the fire. One of the arsonists was killed.

Appellant did not testify and called no witnesses, other than to recall one of the officers who had testified for the State.

■ We are met at the outset with a question of improper jury argument at the guilt stage of the trial. There were two prosecutors and two defense counsel involved in the trial. Prosecutor Whaley argued, "John Ovard [the other prosecutor]

and I have taken a solemn oath to God to seek justice. You judge whether or not we have done it. *No such oath bears on either one of these attorneys* [defense counsel]." (Emphasis added)

After the court had sustained appellant's objection, the prosecutor continued, "All right. I would ask you to believe this: If, assuming this man is guilty, do they [defense counsel] want the truth in here before you?"

When defense counsel objected and stated that they were officers of the court under the same obligation, Whaley replied, "That is not so, Your Honor."

We do not find this argument to be in response to the defense counsel's reference to the trial as an adversary proceeding. The effect of this argument was to instruct the jury that only the prosecutors seek to uphold truth and justice, whereas defense counsel have a license to use any means at their command to mislead the jury.

As in *Bray v. State*, Tex.Cr.App., 478 S.W.2d 89, this argument was not invited by appellant's counsel, and when he objected and attempted to state his reasons, he was interrupted by the prosecutor. In *Bray*, we cited the Canons of Ethics, State Bar Rules, and reversed the conviction because the argument was striking at the appellant over the shoulders of his counsel and stated that instructions to disregard would not have removed the prejudice. See also *Edmiston v. State*, Tex.Cr.App., 520 S.W.2d 386, and *Boyde v. State*, Tex.Cr. App., 513 S.W.2d 588.

■ In the event of a retrial, we note that the admission of a tape recording and a transcription of a conversation between appellant and Stanley Ray Senters was reversible error because the same contained inadmissible extraneous offenses. Senters had voluntarily entered into an agreement with law enforcement officers to go to appellant's place of business and engage in conversation while wearing a microphone on his person.

At the trial, Senters testified to the conversation; then the tape was played for the jury and copies of the transcription were given to each juror over objection of defense counsel.[1]

Putting aside any question of bolstering, under our holding in *Thrush v. State*, Tex. Cr.App., 515 S.W.2d 122, any extraneous offenses mentioned in taped conversations were not admissible unless they related directly to the transaction then on trial or became admissible to rebut a defensive theory. See also *Albrecht v. State*, Tex.Cr. App., 486 S.W.2d 97. The conversations in the case at bar, in addition to discussions of the arson involved in this prosecution, contained references to the following which did not relate to the arson and were extremely harmful:

1. A statement by the appellant that on another occasion he had cut off the ear of a woman and then forced her husband to swallow it.

2. A statement that appellant's father was in the mining business and that appellant had worked with explosives and knew how to place the same and later fly over the place and detonate the explosives by remote control.

3. A statement that the appellant had in the past "shot" a man in the rectum with a fire extinguisher which caused the man to vomit and lose 30 pounds in weight.

Appellant did not take the stand or offer any defensive theory. Therefore, admission of these extraneous offenses was improper. *Wilbourn v. State*, Tex.Cr.App., 524 S.W.2d 306. See also 23 Tex.Jur.2d, Evidence, Sec. 194, p. 294.

In view of our disposition of the foregoing grounds of error, we find it unnecessary to discuss the many other grounds asserted.

For the errors pointed out, the judgment is reversed and the cause remanded.

DOUGLAS, J., not participating.

---

1. We do not approve the State's offer of its transcribed version of the taped conversation. After all, the tape itself was simply corroborative of Senters' testimony. Technical imperfections in the reproduction of the conversation did not authorize the State to submit its version in written form and thereby make the written transcript available to the jury during its deliberations. Art. 36.25, V.A.C.C.P. This was, in essence, bolstering Senters' version of the conversation. *Newton v. State*, 147 Tex.Cr.R. 400, 180 S.W.2d 946; 62 Tex.Jur.2d, Witnesses, Section 238, p. 186.