IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-606-CR





WAYNE L. PAGE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0932950, HONORABLE MIKE LYNCH, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of aggravated robbery and assessed punishment,
enhanced by a previous felony conviction, at imprisonment for twenty-five years. Tex. Penal
Code Ann. § 29.03 (West 1994). (1) We will affirm.

 On May 9, 1993, appellant and a companion robbed the cashier at an Austin
convenience store at knife point. A videotape of the robbery made by the store's security system
was introduced in evidence at trial, as was appellant's written confession. The sufficiency of the
evidence to sustain the conviction is unchallenged.

 In one of two points of error, appellant contends the district court erred by
overruling his motion to suppress the confession. Appellant refers us to his testimony at the
suppression hearing, during which appellant stated that the police threatened to prosecute his wife
for this offense if he did not confess. Appellant also testified that he was ill at the time the
confession was taken and that his signature on the document was forged. In contrast, one of the
police officers to whom the confession was given testified that appellant was advised of his rights
and appeared to understand them, that appellant did not appear to be in physical distress, and that
no threats were made against appellant's wife. The officer testified that he saw appellant sign the
statement.

 The district court, as trier of fact at the hearing, was responsible for assessing the
credibility of the witnesses and resolving the conflicts in their testimony. Muniz v. State, 851
S.W.2d 238, 252 (Tex. Crim. App. 1993). The court found that no threats were made to
appellant regarding his wife and that he freely and voluntarily signed the confession after being
fully advised of his rights. The record supports these findings. Point of error two is overruled.

 Appellant's other point of error complains of this argument by the prosecutor at the
guilt stage of trial:



 Defense lawyers get paid to stand up here and not be satisfied with the
State's case. If you come in here next week, Mr. Sauer will be saying the same
thing.


 MR. SAUER:  Your Honor, I object. Defense lawyers, he knows, are here
doing justice, just like he is. We're not paid to misrepresent or just mouth things,
Your Honor.


 THE COURT:  Ladies and gentlemen of the jury, the evidence comes from
the witness stand. Argument of counsel is just that, argument of counsel; it's not
any evidence in the case.


 MR. BRYAN:  I will say again that the evidence is still overwhelming,
despite Mr. Sauer's argument. I would ask you to ask yourselves what would Mr.
Sauer, what would the defense lawyers demand for sufficient proof in an
aggravated robbery case?



Appellant urges that the prosecutor's remarks constituted such an egregious attack on defense
counsel that reversal is required even in the absence of an adverse ruling. 

 The prosecutor was responding to defense counsel's argument, during which he
vigorously attacked the sufficiency of the State's evidence. The Court of Criminal Appeals has
found similar arguments under similar circumstances to be permissible adversarial comment. 
McGee v. State, 774 S.W.2d 229, 238-39 (Tex. Crim. App. 1989); Shipp v. State, 482 S.W.2d
870, 871 (Tex. Crim. App. 1972). The prosecutor's remarks clearly were not so inflammatory
as to excuse appellant's failure to preserve error. Cf. Gomez v. State, 704 S.W.2d 770, 771 (Tex.
Crim. App. 1985); Fuentes v. State, 664 S.W.2d 333, 337 (Tex. Crim. App. 1984); Bell v. State,
614 S.W.2d 122, 123 (Tex. Crim. App. 1981); Lewis v. State, 529 S.W.2d 533, 534 (Tex. Crim.
App. 1975). Point of error one is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: November 23, 1994

Do Not Publish

1.   This offense took place before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993
Tex. Gen. Laws 3586, 3705. Because the code amendments effective September 1, 1994, did
not substantively modify section 29.03, the current code is cited for the sake of convenience.