COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-139-CR
  
  
JERMAL 
R. SCOTT                                                                APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Jermal R. Scott appeals from his conviction by a jury for the offense of 
recklessly causing serious bodily injury to a child.  See Tex. Penal Code Ann. § 22.04(a)(1) 
(Vernon 2003).  In three issues, appellant argues that (1) the trial court 
erred by failing to direct a verdict because there is no evidence of either the 
manner in which the child was injured or appellant’s mental state at the time, 
(2) the trial court erred by failing to direct a verdict because the evidence 
regarding appellant’s culpable mental state is factually insufficient, and (3) 
the trial court erred by overruling appellant’s objection to the 
prosecutor’s improper argument suggesting that his interest in the case was 
the public’s interest and thus superior to defense counsel’s interest.  
We affirm.
II. Background Facts
        On 
December 17, 2001, Fort Worth Police Officer L.N. Carrell responded to a 911 
call from 5316 Libbey in Fort Worth.  Upon arriving, Officer Carrell met 
appellant, who told him that his daughter, K.S., was having a seizure.  K.S. 
was taken to Cook Children’s Hospital where she later died.  The medical 
examiner ruled that the cause of death was blunt force trauma to the head, and 
appellant was charged with knowingly causing serious bodily injury to a 
child.  See id.
        Appellant 
requested a jury charge on the lesser included offense of recklessly causing 
serious bodily injury to a child.  See id.  The trial court 
granted appellant’s request.  A jury found appellant guilty of the lesser 
included offense of recklessly causing serious bodily injury to a child and 
assessed his punishment at eleven years’ confinement.
III. Sufficiency of the Evidence
        In 
his first and second issues, appellant argues that the trial court erred by 
failing to direct a verdict because the evidence regarding his culpable mental 
state at the time of the alleged offense was legally and factually 
insufficient.  A defendant who requests a charge on a lesser included 
offense may not complain on appeal that the evidence failed to establish all the 
elements of the lesser offense.  See State v. Lee, 818 S.W.2d 778, 
781 (Tex. Crim. App. 1991), disapproved on other grounds, Moore v. 
State, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998); see also State v. Yount, 
853 S.W.2d 6, 9 (Tex. Crim. App. 1993) (op. on reh’g) (holding that defendant 
who requested charge on lesser included offense is estopped from claiming on 
appeal that conviction of lesser included offense is barred by 
limitations).  Although Lee dealt with a legal sufficiency 
challenge, several courts of appeals, including this court, have applied this 
rule to factual sufficiency challenges as well.  See Otting v. State, 
8 S.W.3d 681, 687 (Tex. App.—Austin 1999, pet. ref’d, untimely filed); Reaves 
v. State, 970 S.W.2d 111, 118 (Tex. App.—Dallas 1998, no pet.); Bisco 
v. State, 964 S.W.2d 29, 30 (Tex. App.—Tyler 1997, pet. ref’d); Taylor 
v. State, 947 S.W.2d 698, 702 (Tex. App.—Fort Worth 1997, pet. ref’d).
        Here, 
appellant requested a charge on the lesser included offense of recklessly 
causing serious bodily injury to a child, and a jury convicted appellant of the 
lesser included offense.  Accordingly, appellant may not complain on appeal 
that there is insufficient evidence regarding his culpable mental state at the 
time of the offense.  Moreover, after reviewing the record and applying the 
appropriate standards of review, we conclude that the evidence is legally and 
factually sufficient for the jury to find that appellant recklessly caused 
serious bodily injury to a child.  See Jackson v. Virginia, 443 U.S. 
307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 618, 620 
(Tex. Crim. App. 2004); Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. 
App. 2004)
We 
overrule appellant’s first and second issues.
IV. Jury Argument
        In 
his third issue, appellant contends that the trial court erred by overruling his 
objection to the prosecutor’s argument suggesting that his interest in the 
case was the public’s interest and thus superior to defense counsel’s 
interest.  During the punishment stage of the trial, the prosecutor made 
the following argument:
   
[STATE]:  May it please the Court, Counsel, members of the jury.  
Listen to [Defense Counsel’s] argument.  He is always very good.  He 
is an eloquent speaker.  I’m not such the eloquent speaker but I have 
passion and truth and righteousness on my side.
 
He 
said that I’m going to get up here and yell and be angry and so forth, and 
yeah, I am angry about this, but I’m not going to yell very much.  But my 
job -- I am hired to be a public servant to represent the public’s 
interest.  [Defense Counsel is] hired to represent his interests.  I 
don’t actually represent [K.S.] --
 
[DEFENSE 
COUNSEL]:  Your Honor, I am also an officer of the court.  I think he 
is trying to make a distinction that I’m not, and by ethical rules of the 
Court and the Bar, we object to that.
 
THE 
COURT:  Overruled.
 
  
ImproperJury Argument
        To 
be permissible, the State’s jury argument must fall within one of the 
following four general areas: (1) summation of the evidence; (2) reasonable 
deduction from the evidence; (3) answer to argument of opposing counsel; or (4) 
plea for law enforcement.  Felder v. State, 848 S.W.2d 85, 94-95 
(Tex. Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro 
v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).
        In 
the present case, the prosecutor argued to the jury that he and defense counsel 
were hired to represent different interests.  This argument does not fall 
within any of the four categories of permissible prosecutorial jury 
argument.  Nevertheless, the State contends that the prosecutor’s 
argument was proper because it is common knowledge that the prosecutor 
represents society.  We disagree.
        The 
prosecutor did not merely inform the jury that he represents society.  
Rather, he drew a distinction between the interests the two attorneys were hired 
to represent.  Drawing this distinction could serve no purpose other than 
to imply that the prosecutor is more credible than defense counsel or that his 
cause is more worthy.  See Lewis v. State, 529 S.W.2d 533, 534 (Tex. 
Crim. App. 1975).  In Lewis, the prosecutor argued that he had taken 
an oath to seek justice while defense counsel had not.   Id.  
The court held that “the effect of this argument was to instruct the jury that 
only the prosecutors seek to uphold truth and justice, whereas defense counsel 
have a license to use any means at their command to mislead the jury.”[2]  Id; see Wilson v. State, 938 S.W.2d 
57, 58-59 (Tex. Crim. App. 1996), abrogated on other grounds, Motilla 
v. State, 78 S.W.3d 352, 356-57 (Tex. Crim. App. 2002); see also Bell 
v. State, 614 S.W.2d 122, 123 (Tex. Crim. App. [Panel Op.] 1981) (holding 
that the prosecutor’s argument, which contrasted the ethical obligations of 
the two attorneys, was improper).
        Moreover, 
the court of criminal appeals has recognized that, generally, the public does 
not understand the code of ethics by which attorneys are bound.  See 
Bray v. State, 478 S.W.2d 89, 90 (Tex. Crim. App. 1972).  In Bray, 
the prosecutor argued that he represents the public and that he is glad he does 
not have to represent someone like the defendant.  Id.  The 
court held that the argument was improper, noting that many in the public 
believe an attorney should not represent a person charged with a crime, 
particularly if there is some indication the person is guilty.  Id.  
The prosecutor’s argument in the present case is similar to the arguments in Lewis 
and Bray in that the prosecutor was attempting to distinguish himself 
from the defense attorney.  Further, because no evidence was presented to 
show the interests that each attorney was hired to represent, the argument 
injected new facts into the case.  See Wilson, 938 S.W.2d at 
60.  Thus, we hold that the prosecutor’s argument was improper.
Harm
        If 
a jury argument exceeds the bounds of proper argument, the trial court’s 
erroneous overruling of a defendant’s objection is not reversible error unless 
it affected the appellant’s substantial rights.  Tex. R. App. P. 44.2(b); Martinez v. 
State, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); Mosley v. State, 
983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 
526 U.S. 1070 (1999).  In determining whether the appellant’s substantial 
rights were affected, we consider (1) the severity of the misconduct (i.e., the 
prejudicial effect of the prosecutor’s remarks), (2) curative measures, and 
(3) the certainty of the punishment assessed absent the misconduct.  Martinez, 
17 S.W.3d at 692-93; Mosley, 983 S.W.2d at 259.
        Having 
determined that the prosecutor’s argument was improper, we must determine 
whether it affected appellant’s substantial rights.  We conclude that the 
effect of the misconduct was relatively mild in the present case.  See 
Martinez, 17 S.W.3d at 693.  The argument, while improper, was not 
as flagrant as the conduct in Lewis and Bray.  The prosecutor 
did not tell the jury that he was glad he does not represent appellant, nor did 
he argue that he and defense counsel took different oaths.  Further, even 
though appellant’s objection was overruled, the prosecutor did not continue 
with the improper argument.  See Daggett v. State, 103 S.W.3d 444, 
452 (Tex. App.—San Antonio 2002, pet. granted).
        Although 
the trial court overruled appellant’s objection and did not issue curative 
instructions to the jury, we cannot say that the prosecutor’s argument 
contributed to the severity of appellant’s sentence.  Appellant was 
convicted of recklessly causing serious bodily injury to a child, a 
second-degree felony, which has a penalty range of two to twenty years’ 
confinement.  See Tex. Penal 
Code Ann. §§ 12.33, 22.04(e) (Vernon 2003).  The State asked the 
jury to assess punishment at twenty years’ confinement, the maximum 
punishment, but the jury assessed appellant’s punishment at eleven years’ 
confinement.  Given the mildness of the prosecutor’s comments and the 
seriousness of the offense for which appellant was convicted, we conclude that 
the prosecutor’s improper argument was harmless.  We overrule 
appellant’s third issue.
V. Conclusion
        Having 
overruled appellant’s issues, we affirm the trial court’s judgment.
  
                                                          TERRIE 
LIVINGSTON
                                                          JUSTICE

 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 21, 2005


NOTES
 
1.  See Tex. R. 
App. P. 47.4.
2.  
According to rule 3.03(a)(1) of the Texas Disciplinary Rules of Professional 
Conduct, a lawyer shall not knowingly “make a false statement of material fact 
or law to a tribunal.”  Tex. 
Disciplinary R. Prof’l Conduct 3.03(a)(1), reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. 
G app. A (Vernon 2005) (Tex. State Bar R. 
art. X, § 9).