**Jesse PRATHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–06–00033–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 21, 2006.

Discretionary Review Refused Aug. 22, 2007.

---

Ted Doebbler, Houston, TX, for Appellant.

William J. Delmore, III, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

TIM TAFT, Justice.

A jury convicted appellant, Jesse Prather, of possession with intent to deliver more than four grams, but less than 200 grams, of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (Vernon 2003). After having found true two enhancement paragraphs alleging felony convictions for assault on a public servant and possession of cocaine, the trial court assessed appellant's punishment at life in prison. We determine (1) whether the evidence was legally and factually sufficient to show possession and (2) whether the trial court erred by allegedly not holding a *Faretta*[1] hearing. We affirm.

### Background

In July of 2005, appellant went to a modeling studio. A model complained to Rene Flores, who was managing the studio that day, that appellant was smoking crack cocaine in the modeling room. Flores asked appellant to leave, but when appellant became angry and threatened Flores, Flores refunded appellant's money and called the police. While Flores was calling the police, appellant remained awhile in the studio lobby, but soon exited the studio and stood outside. Houston Police Department ("HPD") Officer Mark Jenkins responded and arrived within a few minutes. When he patted down appellant, Officer Jenkins found two bags containing 7.7 grams of crack cocaine in appellant's pocket.

---

1. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

The jury was charged both on the charged offense of possession with intent to deliver and on the lesser offense of possession. The jury found appellant guilty of the charged offense of possession with intent to deliver.

### Sufficiency of the Evidence

In his second issue, appellant argues that the evidence is legally and factually insufficient to show that he intended to deliver the cocaine.

### A. Standards of Review

In reviewing a legal-sufficiency challenge, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim. App.2000); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). When conducting a factual-sufficiency review, we view all of the evidence in a neutral light. *Cain v. State*, 958 S.W.2d 404, 408 (Tex.Crim.App. 1997). We will set the verdict aside only if (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson*, 23 S.W.3d at 11. Under the first prong of *Johnson*, we cannot conclude that a conviction is "clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence admitted, we would have voted to acquit had we been on the jury. *Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim.App.2006). Under the second prong of *Johnson*, we cannot declare that a conflict in the evidence justifies a new trial simply because we disagree with the jury's resolution of that conflict. *Id.* Before finding that evidence is factually insufficient to support a verdict under the second prong of *Johnson*, we must be able to say, with

some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id.* In conducting a factual-sufficiency review, we must also discuss the evidence that, according to the appellant, most undermines the jury's verdict. *See Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

We may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *King*, 29 S.W.3d at 562. The fact-finder alone determines what weight to place on contradictory testimonial evidence because that determination depends on the fact-finder's evaluation of credibility and demeanor. *Cain*, 958 S.W.2d at 408–09. As the determiner of the credibility of the witnesses, the fact-finder may choose to believe all, some, or none of the testimony presented. *Id.* at 407 n. 5.

### B. The Law

In a possession-with-intent-to-deliver case, the State must prove that the defendant (1) exercised care, custody, control, or management over the controlled substance; (2) intended to deliver the controlled substance to another; and (3) knew that the substance in his possession was a controlled substance. Tex. Health & Safety Code Ann. §§ 481.002(38) (Vernon Supp. 2006), 481.112(a) (Vernon 2003); *Nhem v. State*, 129 S.W.3d 696, 699 (Tex.App.– Houston [1st Dist.] 2004, no pet.). Possession is voluntary "if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." Tex. Pen.Code Ann. § 6.01(b) (Vernon 2003). Under statute and as the jury was instructed here, " '[d]eliver' means to transfer, actually or constructively, to another a controlled substance . . ., regardless of whether there is an agency relationship. The term includes

offering to sell a controlled substance...." TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon Supp.2006). These elements may be established by either direct or circumstantial evidence. *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim.App.2005) (quoting *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App.1995)).

## C. Discussion

■ Appellant does not contest the sufficiency of the evidence showing that he possessed the cocaine. Rather, he argues that the evidence showed only that he possessed the cocaine for private use, not that he intended to deliver it.

However, the following facts, viewed in the light most favorable to the verdict, support the jury's implicit finding that appellant intended to deliver the cocaine. Flores testified that appellant appeared to be under the influence of drugs and that Flores could smell a "burned" smell in the room in which he found appellant. While appellant stood in the studio lobby after Flores had asked him to leave, Flores observed appellant over the surveillance camera asking incoming customers if they wanted to "score," which Flores interpreted as an offer to sell drugs. When Officer Jenkins arrived only a few minutes later, he noticed that appellant, who by then was standing outside the studio, appeared intoxicated. As the officer patted down appellant, he found a crack-cocaine pipe and two bags of cocaine in appellant's pocket. One bag contained 16 smaller baggies of what appeared to be single-use amounts of crack cocaine; the other bag contained two larger "cookies" of crack cocaine. Based on his training and experience,[2] Officer Jenkins opined that appellant intended to sell the crack cocaine, rather than just to use it personally, because (1) the amount of cocaine recovered was greater than the usual amount for personal use; (2) 16 rocks within one of the bags had been individually packaged in smaller baggies; and (3) larger cookies of crack cocaine were generally crack in its "wholesale" form, which would be broken into smaller pieces and packaged for individual sale. The HPD chemist, Rosanna Rodriguez, opined that the amount of cocaine in the cookies indicated that they were more likely to be a wholesale amount and that, based on her training and experience, the 16 individually wrapped cocaine rocks were too much for personal use and were thus likely to have been intended for delivery. Finally, Officer Jenkins testified that, in his experience, crack-cocaine dealers are commonly users of the drug themselves.

We hold that a rational jury could have concluded from this evidence that appellant intended to deliver the crack cocaine in his possession, rather than just to use it himself. Accordingly, we further hold that the evidence was legally sufficient to support the delivery aspect of appellant's conviction.

In support of his factual-sufficiency challenge, appellant makes the same arguments as for his legal-sufficiency challenge, but also notes that Officer Jenkins admitted that, when he patted appellant down, appellant told him that the cocaine was his "private stash." Although appellant declared this to Officer Jenkins, and although there was evidence that appellant was using some of the crack cocaine himself, we hold that the cited evidence does not render the verdict against the great weight and preponderance of the evidence. Accordingly, we further hold that the evidence was factually sufficient to support

---

**2.** Officer Jenkins testified that in his nearly 21 years on the police force, he had made hundreds of drug arrests and had received many hours of training in narcotics investigation.

the delivery aspect of appellant's conviction.

We overrule appellant's second issue.

## *Faretta* Hearing

In his first issue, appellant argues Appellant did not have a *HEARING* to determine whether he intelligently, knowingly or voluntary [sic] waived his right to counsel. Appellant's [reporter's record] doesn't contain a *Faretta* hearing to determine whether Appellant intelligently, knowingly, and voluntarily waived his constitutional right to counsel.

### A. The Law

■ The Sixth Amendment guarantees criminal defendants the right to assistance of counsel in criminal cases. *See* U.S. CONST. amend. VI; *Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562 (1975). Implied in the right to counsel, and in other protections of the Sixth Amendment, is a right to self-representation. *Faretta,* 422 U.S. at 820, 95 S.Ct. at 2533. A criminal defendant's waiver of the right to counsel and decision to represent himself must be made "knowingly and intelligently." *Id.,* 422 U.S. at 835, 95 S.Ct. at 2541; *Hatten v. State,* 71 S.W.3d 332, 333 (Tex.Crim. App.2002). That decision should also be made competently and voluntarily. *Faretta,* 422 U.S. at 834–36, 95 S.Ct. at 2540–41; *Collier v. State,* 959 S.W.2d 621, 625 (Tex. Crim.App.1997). The decision to waive counsel and to proceed pro se is made "knowingly and intelligently" if it is made with a full understanding of the right to counsel that is being abandoned, as well as of the dangers and disadvantages of self-representation. *Collier,* 959 S.W.2d at 626. The decision is made voluntarily if it is uncoerced. *Id.* The competence that is required of a defendant seeking to waive

his right to counsel is the competence to waive the right, not the competence to represent himself. *Godinez v. Moran,* 509 U.S. 389, 399, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321 (1993).

■ In order to ensure that the defendant is competently waiving his right to counsel, the trial court must warn him of the "dangers and disadvantages" accompanying such waiver. TEX.CODE CRIM. PROC. ANN. art. 1.051(g) (Vernon 2005) ("If a defendant wishes to waive his right to counsel, the court shall advise him of the dangers and disadvantages of self-representation."); *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541; *Hatten,* 71 S.W.3d at 333. "The record must contain proper admonishments concerning self-representation and necessary inquiries of the defendant, so that the trial court may make an assessment of his knowing exercise of the right to defend himself." *Walker v. State,* 962 S.W.2d 124, 126–27 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd).

### B. Discussion

Appellant requested and was appointed counsel, Sam A. Maida Jr., on July 25, 2005. On August 22, 2005, appellant filed a pro se motion to dismiss Maida as his court-appointed attorney and requested a hearing on the motion. The appellate record contains no reporter's record of a hearing on appellant's motion, but on August 26, 2005, the trial court granted appellant's motion, and appellant and the trial court signed a document entitled "waiver of court appointed counsel[,] court findings[,] and order allowing defendant to proceed pro se." *See* TEX.CODE CRIM. PROC. ANN. art. 1.051(g) ("If the court determines that the waiver [of the right to counsel] is voluntarily and intelligently made, the court shall provide the defendant" with a written statement). That document recited, in pertinent part:

*The Court informed* the defendant that, while he/she may waive the right to counsel and insist on self-representation, he/she may not obstruct the orderly procedure in the courts or interfere with a fair administration of justice.

*The Court inquired* as to the accused's age, background, education, and experience, including legal experience.

*The Court informed* the accused of 1) the general nature of the offense charged and the possible penalties; 2) that there are technical rules of evidence and procedure with which he will be obligated to comply; 3) that he/she will not be given special consideration because of his/her lack of legal training or legal experience; 4) he/she has no right to standby counsel.

## WAIVER OF RIGHT TO COUNSEL

*The Court has advised me* of my right to representation by counsel in the charges pending against me. *The Court further advised me* that if I were unable to afford counsel, an attorney would be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right. I further request the court to allow me to proceed with my case without an attorney being appointed for me. Wishing to proceed pro se, I waive my right to counsel.

| 8-26-05 | /s/ Jesse Prather |
| --- | --- |
| Date signed | Defendant |

### FINDINGS OF FACT

The Court FINDS that the defendant has sufficient age, background, and education to understand the implications and dangers of self-representation.

The Court further FINDS that the defendant has been informed 1) of the general nature of the offense charged and the possible penalties if he/she is convicted of the offense; 2) that there are technical rules of evidence and procedure with which he will be obligated to comply; 3) that he/she will not be given special consideration because of his/her lack of legal training or legal experience; 4) that he/she will not obstruct the orderly procedure in the courts or interfere with the fair administration of justice; and 5) that he/she has no right to standby counsel.

(Emphasis added.)

A docket notation for August 26, 2005 indicates that appellant, along with his appointed counsel, appeared for a hearing on appellant's motion to dismiss his counsel, that appellant "was admonished to the guidelines required for the *Faretta* warning," and that the trial court "grant[ed] the *Faretta* [sic] and allow[ed] the def[endant] to proceed pro se." Other portions of the record also indicate that a *Faretta* hearing was held. For example, in appellant's designation of record for appeal, appellant expressly requested that the *Faretta* hearing be made part of the record. Also, during a pretrial hearing the day that trial began, the following exchange occurred:

Court: I want to make sure that, *just as a review—we've gone over this several times before, but I want to review.* You will be held to the same standard as any other attorney. You understand that?

[Appellant]: Yes, Your Honor.

Court: Okay. And you understand that it is not my job, according to the laws of the State of Texas, the statutes and case law to advise you in any way. You understand that.

[Appellant]: Yes, Your Honor.

Court: And so, you will be held to the same level of knowledge of the law and of what—the Rules of Evidence.... I want to make sure you understand what I'm saying.

[Appellant]: Yes, Your Honor.

Court: You will be held to the same level of competence, understanding the Rules of Evidence, and understanding the laws of the State of Texas as any practicing lawyer. Do you understand that?

[Appellant]: Yes, Your Honor.

Court: Okay. *We went over that a long time and—went over it a couple of times, but I just want to review it.*

(Emphasis added.)

The above information from the record indicates that a *Faretta* hearing was conducted, even though a transcription of that hearing is not included in the appellate record. Accordingly, we overrule appellant's first issue.

### Conclusion

We affirm the judgment of the trial court.

All pending motions are overruled as moot.