Opinion issued December 2, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

No. 01-09-00480-CR

———————————

Marara Jean Kibble, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 176th District Court

Harris County, Texas



Trial Court Case No. 1104686

 



O P I N I O N

          Appellant,
Marara Jean Kibble, appeals a judgment convicting her for possession with
intent to deliver cocaine weighing between four and two hundred grams.  See
Tex. Health & Safety
Code Ann. § 481.112 (Vernon 2010).  In two issues, appellant contends that the
trial court erred by admitting testimony describing the use of a drug sniffing
dog to detect narcotic residue on seized money and by overruling her objections
to the prosecutor’s improper jury argument. 
In her third issue, appellant asserts that the evidence is factually
insufficient to sustain her conviction.  We
conclude that the admission of evidence concerning the dog’s alert on the money
and the State’s closing argument are harmless errors and that the evidence is
sufficient to support the verdict.  We
affirm. 

Background

          On
February 16, 2007, officers from the Houston Police Department (HPD) and the
Montgomery County Sheriff’s Department executed a “no knock” search warrant at
appellant’s apartment, located in Houston, Texas.  The search warrant permitted officers to
search for a digital camera and a laptop computer that were stolen from a house
in Montgomery County, Texas.

          Upon
entering the apartment, HPD Officer Garza saw appellant asleep on the sofa and
found two other adults in the living area. 
A fourth adult and an infant were asleep in the bedrooms.  When Officer Garza asked whose apartment it
was, appellant said she was the renter.  Officer
Garza gave her a copy of the search warrant and read legal warnings to appellant
and the other adults in the apartment.  Officer
Byrd heard Officer Garza read the legal warnings, but appellant’s cousin and
appellant denied that the warnings were read to appellant.

          Officer
Garza asked appellant whether there was anything she wanted him to know.  In response to his inquiry, appellant stated there
were drugs in her red bag near the sofa where she had been sleeping.  Officer Garza retrieved the red bag and found
what was later determined by a chemist to be thirty-one rocks of crack cocaine,
weighing 7.3 grams, and seven individual bags of powder cocaine, weighing 1.3
grams.  The officers’ search of the
apartment also revealed the camera and laptop computer that were the subject of
the search warrant as well as paraphernalia for smoking crack cocaine.  

Appellant was arrested and
transported to the jail where a female officer searched her.  The female officer found $1,400 on appellant
in denominations of twenties, tens, fives, and ones.  Officer Guerrero, with the HPD canine
narcotics unit, testified that he and his assigned dog, Bo, were called to the
property room.  There, Officer Guerrero
was told that, prior to his arrival, the cash had been hidden in the parking
lot, but he was not informed where it was hidden.  Outside, he released Bo from his kennel and
gave Bo the search command.  Bo alerted
to the location of the money.  Testifying
as an expert in canine narcotics detection, Guerrero stated that Bo’s alert
meant that there was a narcotic odor coming from the bag containing the
money.  Officer Guerrero noted that he
had no personal knowledge of the contents of the bag because he never looked
inside it.

At trial, appellant testified that she
bought the laptop and camera from a neighbor without knowledge of the theft and
that she had never seen the red bag.  Appellant
and her friend Dona Davis each testified that Davis gave appellant the cash to repay
appellant for a purchase made by Davis on appellant’s credit card.

Appellant
pleaded not guilty to the jury.  The jury
found her guilty and the trial court assessed punishment at thirty-five years
in prison.

Sufficiency of the Evidence

          In her
second issue, appellant challenges the factual sufficiency of the evidence that
she possessed narcotics with the intent to deliver.

A.      Standard
of Review

This Court now reviews both legal and factual sufficiency
challenges using the same standard of review. 
Ervin v. State, No.
01-10-00054-CR, 2010 WL 4619329, at *2–4 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010, pet. filed) (construing
majority holding of Brooks v. State,
PD-0210-09, 2010 WL 3894613, at *14, *21–22 (Tex. Crim. App. Oct. 6,
2010)).  Under this standard, evidence is
insufficient to support a conviction if, considering all the record evidence in
the light most favorable to the verdict, no rational factfinder could have
found that each essential element of the charged offense was proven beyond a
reasonable doubt.  See Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); In re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim.
App. 2009); Williams v. State,
235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  Viewed in the light
most favorable to the verdict, the evidence is insufficient under this standard
in two circumstances:  (1) the record
contains no evidence, or merely a “modicum” of evidence, probative of an
element of the offense; or (2) the evidence conclusively establishes a
reasonable doubt.  See Jackson, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786,
2789 n.11, 2789; Laster, 275 S.W.3d at
518; Williams, 235 S.W.3d at
750.  Additionally, the evidence is
insufficient as a matter of law if the acts alleged do not constitute the
criminal offense charged.  Williams, 235 S.W.3d at 750.

If an
appellate court finds the evidence insufficient under this standard, it must
reverse the judgment and enter an order of acquittal.  See Tibbs v.
Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218
(1982).  An
appellate court determines whether the necessary inferences are reasonable
based upon the combined and cumulative force of all the evidence when viewed in
the light most favorable to the verdict. 
See Clayton
v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007) (citing Hooper v.
State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  In viewing the record, direct and
circumstantial evidence are treated equally; circumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor, and
circumstantial evidence alone can be sufficient to establish guilt.  Id.
(citing Hooper, 214 S.W.3d at 13).  An appellate court presumes that the factfinder
resolved any conflicting inferences in favor of the verdict and defers to that
resolution.  See Jackson, 443 U.S. at 326, 99 S. Ct. at 2793;
Clayton, 235 S.W.3d at 778.  An
appellate court also defers to the factfinder’s evaluation of the credibility
of the evidence and weight to give the evidence.  See Williams, 235 S.W.3d at 750.

          B.      Possession of Cocaine with Intent to Deliver

          To
demonstrate possession of cocaine with intent to deliver, the State is required
to show that (1) appellant knowingly or intentionally, (2) possessed, (3) cocaine,
(4) in an amount of greater than four but less than two hundred grams, (5) with
the intent to deliver the cocaine.  See Tex.
Health & Safety Code Ann. § 481.112(a), (d).  In order to prove the possession element of
this offense, the State is required to present evidence that appellant had
actual care, custody, control, or management over the contraband and that
appellant knew it was contraband.  See id. § 481.002(38) (Vernon 2010); Deshong v. State, 625 S.W.2d 327, 329
(Tex. Crim. App. 1981); Olivarez v. State,
171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

When the accused is not in exclusive
possession of the place where the contraband is found, then additional,
independent facts and circumstances must link the defendant to the contraband
in such a way that it can reasonably be concluded that she had knowledge of the
contraband and exercised control over it. 
Roberson v. State, 80 S.W.3d
730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet ref’d).  This link may be shown through direct or
circumstantial evidence, including the amount of contraband found, its location
in relationship to the defendant’s personal belongings, the defendant’s
relationship to other persons with access to the premises, incriminating
statements, and proximity of the defendant to the contraband.  See
Olivarez, 171 S.W.3d at 291.

Intent to deliver can be proven by
circumstantial evidence.  Rhodes v. State, 913 S.W.2d 242, 251
(Tex. App.—Fort
Worth 1995), aff’d, 945 S.W.2d 115
(Tex. Crim. App. 1997).  An oral
expression of intent is not required; intent can be inferred from the acts,
words, and conduct of the accused.  Patrick v. State, 906 S.W.2d 481, 487
(Tex. Crim. App. 1995).  Some factors to
consider in determining intent include (1) the nature of the location where the
defendant was arrested, (2) the quantity of drugs the defendant possessed, (3) the
manner of packaging of the drugs, (4) the presence or absence of drug
paraphernalia, (5) whether the defendant possessed a large amount of cash in
addition to the drugs, and (6) the defendant’s status as a drug user.  Williams
v. State, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet.
ref’d).  These are evaluative factors for
the court to take into consideration when reviewing the sufficiency of the
evidence but are not each required to be present.  See Branch
v. State, 599 S.W.2d  324, 325–26 (Tex. Crim. App. 1979) (evidence
factually sufficient although no paraphernalia found on defendant and no
apparent testimony as to street value of substance confiscated).  Expert testimony may be introduced to prove
intent to deliver.  See Rhodes, 913 S.W.2d at
251.

C.      Analysis

Appellant challenges the factual
sufficiency of the evidence.  Relying on
her own testimony, appellant attempts to show that she did not possess the
drugs, that she did not know that the drugs were in her apartment, and that the
evidence does not show an intent to deliver the drugs.  She also refers to testimony by her cousin,
Edward Lofton, and her friend, Davis, both of whom testified that appellant did
not possess or sell cocaine from her apartment. 
Appellant testified that she did not have exclusive possession of the
apartment and that numerous people came and went frequently.  Appellant contended that she had never seen
the drugs before and that the money was from the recent repayment of a loan to
Davis.  Appellant also denied having made
the incriminating statements claimed by Officer Garza.  By finding appellant guilty of possession
with intent to deliver cocaine, the jury did not find appellant’s evidence
credible, and we must defer to the jury’s assessment of the weight to give the
evidence.  See Williams, 235 S.W.3d at 750.

          A photo taken
at the scene shows the red bag that contained the cocaine was next to appellant’s
purse on the couch that appellant was seen lying on when the officers entered
the apartment.  Additionally, appellant
acknowledged during her arrest that there were drugs in “her” red bag near the
sofa.  Furthermore, objects for using
cocaine were found throughout the apartment.

The State also presented evidence
tending to establish that appellant possessed the cocaine with intent to
deliver.  Officer Garza testified that
appellant told him that she possessed the narcotics in order to sell them.  Furthermore, the cocaine was separated into thirty-one
crack cocaine rocks and seven individual baggies of powder cocaine.  Officer Garza testified that he had
twenty-six years of experience with the Houston Police Department, fourteen of
which were in the narcotics division, and that in his opinion the cocaine was
packaged to sell.  See Prather v. State, 238 S.W.3d 399, 402–03 (Tex. App.—Houston [1st Dist.]
2006, pet. ref’d) (evidence was sufficient to show that defendant intended to
deliver cocaine found in his possession, where 7.7 grams of cocaine was found
in two bags in defendant’s pocket, one bag contained sixteen smaller bags of
what appeared to be single-use amounts of cocaine, second bag contained two
large “cookies” of cocaine, officer testified that defendant intended to sell
cocaine, and chemist opined that units of cocaine in sixteen smaller bags were
likely to have been intended for delivery). 
Finally, appellant was in possession of $1,440 in small bills.

We conclude that, based on the
evidence viewed in the light most favorable to the verdict, the jury could have
rationally found each element of the offense beyond a reasonable doubt.  See Ervin, 2010 WL 4619329, at *3; see also Jackson, 443 U.S. 319, 99 S. Ct. at 2789; Williams, 235 S.W.3d at
750.  We hold the evidence is sufficient to support
appellant’s conviction for possession.  See Pitts v. State, 731 S.W.2d 687, 692 (Tex.
App.—Houston [1st Dist.] 1987) (evidence of quantity of cocaine seized,
together with police officer’s expert opinion as to amount usually possessed
for personal use sufficient to show possession with intent to deliver).

We overrule appellant’s second issue.

Reliability of Expert Testimony Regarding Narcotic Dogs

          In the
first issue, appellant contends the trial court erred by admitting evidence concerning
the narcotic dog’s alert to the scent of narcotics on the money because the expert’s
testimony is unreliable.  Assuming the
trial court erred by admitting evidence concerning the dog’s alert on the
money, we conclude the error was harmless. 


          A trial court’s improper admission of
evidence is a nonconstitutional error.  See King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App.
1997); James v. State, 264 S.W.3d
215, 222 (Tex. App.—Houston [1st Dist.] 2008, pet. ref’d).  Thus, an appellate court will reverse a
judgment if the improper admission of evidence affected a substantial right of
the appellant.  See Tex. R. App. P. 44.2(a), (b); King, 953 S.W.2d at 271; James, 264 S.W.3d at 222.  A substantial right is affected when the
error has a substantial and injurious effect or influence in determining the
jury’s verdict.  King, 953 S.W.2d at 271; James,
264 S.W.3d at 222.  Error that did not
influence the jury’s verdict or had but a slight effect is harmless error.  Solomon
v. State, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).  The improper admission of evidence is
harmless if the trial record contains other, properly admitted evidence that is probative of the same matter.  See Saldano
v. State, 232 S.W.3d 77, 102 (Tex. Crim. App. 2007); James, 264 S.W.3d at 222.

          The evidence that the narcotic dog
alerted on appellant’s money, indicating that the money was in contact with
illegal drugs, tends to suggest that appellant engaged in illegal drug
transactions and that she intended to deliver the cocaine found in her
possession.  See $7,058.84
in U.S. Currency v. State,
30 S.W.3d 580, 588 (Tex. App.—Texarkana 2000, no pet.).           As Officer Garza testified, the evidence that the crack
cocaine was separated into thirty-one rocks and the powder cocaine was packaged
into seven individual bags, indicating that drugs were ready for distribution,
also establishes that appellant engaged in illegal drug transactions and that
she intended to deliver the cocaine found in her possession.  See
Prather, 238 S.W.3d at 400.  Additionally,
appellant admitted that she possessed the cocaine with intent to sell it. 
Furthermore, regardless of whether the bills contained a slight odor of
cocaine, the jury could have reasonably determined from amount of money and
small denominations of the bills that the money was evidence of the sale of
drugs in light of the many cocaine packages found in appellant’s
possession.  Finding properly admitted
evidence in the record tending to establish the same matter as the assumedly
improperly admitted evidence, we conclude that the admission of the evidence
that the narcotic dog alerted on appellant’s money was harmless.  See
Saldano, 232 S.W.3d at 102; James,
264 S.W.3d at 222.

          We
overrule appellant’s first issue.

Improper Argument

In her third issue, appellant
contends that the trial court committed reversible error in overruling her
objections to the prosecutor’s improper argument.  

A.      Applicable Law

          The
approved areas of argument are: (1) summation of the evidence, (2) reasonable
deduction from the evidence, (3) answer to the argument of opposing counsel,
and (4) plea for law enforcement.  Westbrook v. State, 29 S.W.3d 103, 115
(Tex. Crim. App. 2000).  When an argument
exceeds the permissible bounds of these approved areas, it is reversible error
only when an analysis of the record as a whole shows the argument is extreme or
manifestly improper, is violative of a mandatory statute, or injects new facts
harmful to the accused into the trial proceeding.  Westbrook,
29 S.W.3d at 115; see also Hawkins v. State, 135 S.W.3d 72, 79
(Tex. Crim. App. 2004).  An appellate
court, in assessing the harm of an improper argument, looks to three factors:  “(1) severity of the misconduct (the
magnitude of the prejudicial effect of the prosecutor’s remarks); (2) measures
adopted to cure the misconduct (the efficacy of any cautionary instruction by
the judge); and (3) the certainty of conviction absent the misconduct (the
strength of the evidence supporting the conviction).”  Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998).

B.      State’s Argument Directed at
Appellant’s Attorney

          Appellant
asserts that the trial court, in overruling her objections to portions of the
State’s jury argument, allowed the State to strike at her over the shoulders of
her counsel by attacking counsel’s character for truthfulness.

          The
State may argue outside the record in response to the defense having done so,
but it may not stray beyond the scope of the invitation.  Johnson
v. State, 611 S.W.2d 649, 650 (Tex. Crim. App. 1981); Longoria v. State, 154 S.W.3d 747, 766 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).  In most circumstances, an instruction to
disregard the remarks will cure the error. 
Hawkins, 135 S.W.3d at 79.  Only offensive or flagrant error warrants
reversal when there has been an instruction to disregard.  Id.

The Texas Court of Criminal Appeals
maintains a special concern for final arguments that result in uninvited and
unsubstantiated accusations of improper conduct directed at a defendant’s
attorney.  Mosley, 983 S.W.2d at 258–59. 
In its most egregious form, this kind of argument may involve
accusations of manufactured evidence or an attempt to contrast the ethical
obligations of prosecutors and defense attorneys.  Mosely,
983 S.W.2d at 258.  A prosecutor runs a
risk of improperly striking at a defendant over the shoulders of counsel when
the argument is made in terms of defense counsel personally and when the
argument explicitly impugns defense counsel’s character.  Mosley,
983 S.W.2d at 259.  However, comments
directed at the defense attorney in closing arguments may not be erroneous so
long as they can be interpreted as an attack on arguments made by the defense
counsel.  Mosley, 983 S.W.2d at 258–59. 

          Appellant
challenges the following argument:

[State]:                 Does
anyone doubt that a camera can fit in this red bag? You know, throughout this
entire trial from day one defense counsel has suggested that I’m not being
completely truthful with you.

 

[Defense]:             Your
Honor, I object at that, that—her claiming that I’m
not being truthful with the prosecutor, that is very prejudicial, we object to
that.  It’s-

 

[The Court]:         That’s
overruled.

 

[State]:                 He
suggested that the officers from the Houston Police Department are not being
truthful with you  . . . .

 

Contrary to appellant’s position, the statements by
the State’s attorney addressed the truthfulness of the State’s case; the State
did not question the truthfulness of appellant’s attorney.  Furthermore, prior to this statement, the
record shows that appellant’s jury argument repeatedly impugned the accuracy and
honesty of the State’s case.  For
example, appellant’s trial counsel stated, “You know, they’re officers, why
would they make something up?  Why would
they not be completely truthful?” 
Appellant’s trial counsel suggested that the officers falsely testified
that appellant admitted ownership of the cocaine in the red bag.  We conclude the prosecutor was responding to
accusations that the prosecutor and officers were fabricating evidence.  See
Westbrook, 29 S.W.3d at 59 (holding answer
to argument of opposing counsel is one permissible area of jury argument).

          Next, appellant
contends that the following closing argument made by the State struck at her
over the shoulders of her counsel: 

Now,
everyone in the courtroom, well, practically everyone in this courtroom, took
an oath.  The judge took an oath.  I took an oath as a prosecutor.  You took all took oaths as jurors.  You took an oath to return a true
verdict.  Well, those witnesses that
testified yesterday, they took oaths too. 
Now, I take my oath very seriously, obviously Judge Reagin takes her
oath very seriously, and I can tell from your attentiveness that you all take
your oaths very seriously as well.  



Appellant objects to the phrase “well, practically
everyone” as tantamount to the prosecutor arguing that defense counsel did not
take an oath and is not trustworthy.  Appellant
cites Lewis v. State, for the
conclusion that the prosecutor’s argument was explicitly prohibited.  529 S.W.2d 533, 534 (Tex. Crim. App. 1975).  However, in Lewis, the court found the argument prohibited because the
prosecutor specifically told the jury that the defense counsel had not taken an
oath to uphold justice as compared to the prosecutor, who had.  Id.  In addition, after the trial judge in Lewis sustained the defendant’s
objection to that argument, the prosecutor contended that the defense counsel
was not an officer of the court.  Id. 
As the State points out in its brief to this Court, the case at hand is
distinguishable from Lewis.  The prosecutor in this case did not explicitly
state that the defense attorney had not taken an oath.  The comment about not taking an oath is
indirect in that there were other people in the courtroom who did not take an
oath, including people in the audience, the court coordinator, the court
clerks, and the bailiffs.  We conclude
that as phrased in this case and in the absence of evidence showing the comment
was directed at appellant’s attorney, the trial court did not abuse its
discretion by overruling appellant’s objections.  Cf. id.

          The
prosecutor’s argument here is very similar to one addressed in Lange v. State, 57 S.W.3d 458 (Tex. App.—Amarillo 2001, pet. ref’d).  In Lange,
during closing argument in the trial below, the prosecutor stated, “As a
prosecutor, . . . I . . . took an oath to uphold justice.
. . .  Now, [the defense
counsel’s] here to defend his client. 
That the only thing he’s here to do.” 
Id. at 465–66. 
Lange held that the
prosecutor’s comments were permissible because the defense counsel had argued
that the prosecutor had improperly coached one of the State’s witnesses.  Id.
at 467.  Like Lange, throughout the defense’s closing argument, appellant’s trial
attorney argued that the State and police officers had falsified evidence and, therefore,
the State’s attorney’s reference to his own oath and to his witnesses’ oaths is
a proper rebuttal to the claims made by appellant’s attorney.  Cf. Harris
v. State, 122 S.W.3d 871, 885, 887 (Tex. App.—Fort Worth 2003, pet. ref’d)
(holding prosecutor’s comment, made during rebuttal closing argument, that he
took oath as prosecutor to see that justice was done was not improper strike
over shoulders of defense counsel where prosecutor made comment in response to
defense counsel’s assertion that State witnesses had lied).

          C.      State’s
Arguments Concerning Credibility of Evidence

          Appellant
asserts that the prosecutor improperly argued that appellant’s attorney wanted
the jury to believe that appellant was telling the truth and the officers were
not.  The prosecutor argued:

[D]efense
counsel wants you to believe that that [incriminating] statement [claimed by
Officer Garza to have been made by appellant] was never made.  Once again he wants you to believe that
[appellant], who has all the incentive and all the motive in the world to lie,
is telling you the truth.

 

However, before the prosecutor made this argument, appellant’s
counsel had repeatedly argued that the officers were untruthful.  Defense counsel argued:

They’re
narcotics officers.  Hey, this looks like
illegal drugs.  But they got a
problem.  They got a problem.  The bag, it wasn’t in plain view.  Look at the State’s evidence.
. . .  Look at the
picture.  The bag is not open.  The bag is closed.  Okay.  The
bag is closed.  All right.

 

Well, how
are we going to connect it with somebody? . . . I’m sure they found
out Ms. Kibble was on parole.  Well, this
is hers.  We’ll just say this is hers.

 

How are
we going to do that? . . .  [W]ell,
she’s going to say she—she’s going to tell
us it was there, because they know the exception to having a warrant is finding
something that—when the client—when
the accused person makes a statement that leads them to find something they
didn’t know about.  That’s how they get
around it, okay.  So they just say, well,
she told us that.

 

We conclude that the prosecutor’s observation that
appellant wanted jurors to believe her rather than the officers was a
reasonable deduction from the evidence and was made in response to the argument
of opposing counsel challenging the veracity of the officers.  See
Westbrook, 29 S.W.3d at 115.

          Next, appellant
contends that the prosecutor went purposefully outside of the record to present
information to the jury that appellant is on parole with the possibility of it
being revoked.  During cross-examination
of appellant, appellant acknowledged that she was on twenty-five years parole
and that if convicted she was looking at a parole revocation.  Because the evidence was in the record, the
closing argument properly commented on admitted evidence.  See
Westbrook, 29 S.W.3d at 115.

          D.      State’s
Argument Concerning Plea for Law Enforcement

          Appellant
complains that the prosecutor used “over the top theatrics to get a conviction,
regardless of the propriety of the argument.” 
The State argued, as follows: 

If you
find what they said credible, if you believe what they told you, you’re saying
to the Houston Police Department, no thank you, I like drugs on my street.  No thank you, I like for there to be crack
houses where there are babies asleep.

 

The record shows, however, that appellant’s attorney
objected to this argument by stating, “Your Honor, I’m going to object to the
State trying to interject punishment argument, plea for law enforcement.”  Appellant’s objection concerning “theatrics”
is not preserved for appeal.  See Tex.
R. App. P. 52(a); Wilson v. State, 71 S.W.3d 346, 349
(Tex. Crim. App. 2002).

          E.      State’s
Argument Concerning Prior Convictions

Appellant claims that the trial court
reversibly erred by refusing to grant a mistrial when the prosecutor improperly
argued appellant’s prior convictions.  The
State made the following argument:

Now, I
don’t want anyone to get confused and think that somehow selling drugs is a
victimless crime.  Selling drugs is a
crime with exponential victims because not only does it impact the user, it
impacts the user’s family, it impacts the community that the user lives in, and
we already know from her priors that Ms. Kibble has victims in her past that
she has victimized.  The credit card
abuse, she stole someone’s credit card, and made purchases.  Unlawful use of a motor vehicle . . . .”

 

After the State made this argument, appellant’s
attorney’s objection was sustained and the trial court instructed the jury to
disregard the comment.  The prior
convictions were admitted solely to attack appellant’s credibility, and it was
improper for the State to address the prior convictions to argue appellant had
victimized other people in the past.  See Sanchez
v. State, 591 S.W.2d 500, 501–02 (Tex. Crim. App. 1979) (when
evidence of prior convictions is admitted solely on issue of defendant’s
credibility as witness, State may not argue to jury that prior convictions are
evidence of defendant’s guilt).  Because
the trial court instructed the jury to disregard the comment, we must examine
whether the record as a whole supports a conclusion that the jury could
disregard the comment, as instructed by the court.

We must balance the three Mosley factors to determine the extent
of harm caused by this error.  First, the
record shows that these prior convictions, while argued erroneously during
closing, were admitted before the jury and, therefore, the argument does not
inject new facts harmful to the accused. 
See Westbrook, 29 S.W.3d at 115. 
Second, the trial court sustained the objection by the defense and
instructed the jury to disregard.  In
most circumstances, an instruction to disregard the remarks will cure the
error.  Westbrook, 29 S.W.3d at 115. 
Only offensive or flagrant error warrants reversal when there has been
an instruction to disregard.  Hawkins, 135 S.W.3d at 79.  Third, the evidence supporting appellant’s
possession with intent to deliver cocaine in this case is sufficiently strong
to assure us of a high certainty that the jury would have found her guilty even
had the improper argument been excluded. 
See
Mosley, 983 S.W.2d at 259.  We hold that under the totality of
the record the comment that appellant’s previous convictions resulted in
victims was not so offensive or flagrant to warrant reversal of this case.

We overrule appellant’s third issue. 

Conclusion

          We affirm the judgment of the trial court.

 

 

 

 

                                                                   Elsa
Alcala

                                                                   Justice 

 

Panel consists of Justices
Jennings, Alcala, and Higley.

 

Publish.  Tex. R.
App. P. 47.2(b).