

**IN THE**

**TENTH COURT OF APPEALS**

**No. 10-13-00067-CR**

**DEBARSHI EDISON BANERJEE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law No. 1**
**Brazos County, Texas**
**Trial Court No. 10-02293-CRM-CCL1**

**MEMORANDUM OPINION**

Debarshi Banerjee appeals from a conviction for the offense of possession of marijuana. TEX. HEALTH AND SAFETY CODE ANN. § 481.115 (West 2010). In his sole issue, Banerjee complains that the evidence was insufficient to link Banerjee to the marijuana that was found in a vehicle in which Banerjee was a passenger. Because we find that the evidence was sufficient, we affirm the judgment of the trial court.

*Sufficiency of the Evidence*

The Court of Criminal Appeals has expressed our standard of review of a

sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

*Possession and Affirmative Links*

To prove unlawful possession of any controlled substance, "the State must prove that (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2010) ("'Possession' means actual care, custody, control, or management.").

Possession is not required to be exclusive. *See Evans*, 202 S.W.3d at 162 n.12. When the defendant is not in exclusive possession of the place where the controlled substance is found, then additional, independent facts and circumstances must affirmatively link the defendant to the substance in such a way that it can reasonably be concluded that the defendant possessed the substance and had knowledge of it. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005); *Kibble v. State*, 340 S.W.3d 14, 18 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). In other words, the evidence "must establish, to the requisite level of confidence, that the accused's connection with the [contraband] was more than just fortuitous," which may be established by direct or circumstantial evidence. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

Several factors may help to establish an affirmative link between the defendant and the contraband, including (1) the defendant's presence when a search is conducted; (2) whether the substance was in plain view; (3) the defendant's proximity to and the accessibility of the substance; (4) whether the defendant was under the influence of

narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the substance was found; (12) whether the place where the substance was found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12.

Not all of these factors must be proved; rather, it is the cumulative logical force the factors have in proving possession that we must consider. *See James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). Additionally, the absence of some of the factors is not evidence of innocence that must be weighed against the factors that are present. *Id*. Rather, they are used to assess the sufficiency of the evidence linking the defendant to the knowing possession of contraband. *See, e.g.*, *Roberson v. State*, 80 S.W.3d 730, 735-36 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *Allen v. State*, 249 S.W.3d 680, 694 n.13 (Tex. App.—Austin 2008, no pet.) (explaining that presence or absence of factors "aid appellate courts in determining the legal sufficiency of the evidence in knowing possession of contraband cases").

*Relevant Facts*

Based on a call regarding suspicious activity, Officer Lunt approached a Chevy Colorado pickup parked behind a church late at night. Lunt approached on foot so as to avoid detection by the occupants of the truck. Banerjee, Ross Woods, Kent Childress, and Ted Helms were seated in the truck. Lunt observed flickering of some lighters in the truck and something being passed around. Lunt made contact with the driver, Woods, and was informed by Woods that the four of them were smoking cigarettes because they were unable to smoke them on the campus of Texas A&M, where all four of them resided. Lunt detected the odor of cigarette smoke in the truck, but did not detect the smell of marijuana.

Lunt believed that Childress, who was seated in the front passenger's seat of the truck, was intoxicated on marijuana. Childress admitted to smoking marijuana that night and told Lunt that there was a marijuana pipe somewhere in the truck. Lunt searched the truck and found a marijuana pipe under Banerjee's jacket on the back seat of the truck next to where Banerjee had been seated. Lunt also found marijuana in a plastic Walmart sack and a marijuana grinder in the center console of the truck. Lunt testified that the center console could be reached by anyone in the truck. The marijuana grinder was used to grind marijuana so that it could be smoked in a marijuana pipe.

After the marijuana and paraphernalia were found, Banerjee admitted to Lunt that he had smoked marijuana from the pipe found in the truck earlier that evening and

that the bag of marijuana had been in his dorm room earlier that evening. Banerjee denied knowledge of how the marijuana got into the truck, and claimed that he had only been in the truck for a short time. In Lunt's opinion, Banerjee did not exhibit any signs of intoxication from marijuana use.

When Lunt questioned Banerjee, Childress, and Helm, who had been seated next to Banerjee in the back seat of the truck, all three nodded when asked if they had smoked marijuana that night. Banerjee, Childress, and Helm were all arrested for possession of the marijuana found in the truck. Woods was not arrested because he denied knowledge of or use of the marijuana, showed no signs of intoxication, and when Lunt asked them if Woods had anything to do with the marijuana, Banerjee, Childress, and Helm shook their heads in a manner to indicate he did not.

*Analysis*

In reviewing the evidence in a light most favorable to the verdict, we find that the evidence was sufficient for the jury to have found Banerjee guilty of possessing the marijuana. Banerjee was present at the scene where the search was conducted. He was in close proximity to the marijuana and had easy access to the center console. Banerjee admitted that he had smoked marijuana that evening and identified the marijuana found in the truck as having been in his dorm room earlier that evening. Banerjee told Lunt that he had smoked marijuana from the marijuana pipe which was found under Banerjee's jacket next to where he was seated in the truck. When we consider the

cumulative force of the present factors set forth in *Evans*, we find that there is sufficient evidence to connect Banerjee to the possession of the marijuana found in the truck. We overrule Banerjee's sole issue.

*Conclusion*

Having overruled Banerjee's sole issue, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed November 21, 2013
Do not publish
[CR25]