

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00172-CR

COURTNEY LEWIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. F-2010-2015-D, Honorable L. Dee Shipman, Presiding

March 6, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Courtney Lewis appeals from his jury conviction of the offense of possession of cocaine, with intent to deliver, and the resulting sentence of sixty years of imprisonment.[1] Through one issue, appellant contends the evidence was insufficient to support his conviction. We will affirm.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2012); TEX. PENAL CODE ANN. § 12.42 (West 2012).

Background

Appellant was indicted for "intentionally or knowingly possessing with the intent to deliver a controlled substance, to-wit: cocaine, in an amount of one gram or more, but less than four grams." The indictment also contained an enhancement paragraph alleging a prior final felony conviction. Appellant plead not guilty and the case was tried before a jury.

Evidence showed police executed a search warrant on a hotel room in Lewisville, Texas. The only person in the room was appellant. A substance, later identified as 2.91 grams of crack cocaine, was located on the night stand. The packaging matched the packaging of drugs bought from appellant by an informant two days earlier. No weapons were found. A cell phone, some $300 cash, razor blades and a digital scale also were present. Among the cash were two $20 bills identified as the bills police gave the informant for the drug buy two days earlier. The cell phone number matched the number the informant used to set up the buy with appellant. During a later interrogation by police, appellant admitted he sold crack.

At trial, appellant testified and admitted to possession of the cocaine. He denied any intent to deliver, but on cross-examination acknowledged he gave cocaine to people and was planning to share the cocaine in the room with other people.

Analysis

Through his sole issue on appeal, appellant challenges the sufficiency of the evidence to support his conviction. He acknowledges the sufficiency of the evidence he

2

possessed the cocaine, and challenges only the evidence supporting the jury's finding his possession was accompanied by an intent to deliver.

When examining the sufficiency of the evidence, an appellate court views the evidence in the light most favorable to the verdict. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim App. 2005) (*citing Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.E.2d 560 (1979)). *See also Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The evidentiary sufficiency standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. If a rational trier of fact could find from the evidence the essential elements of the crime beyond a reasonable doubt, the evidence is sufficient to support the conviction. *Poindexter,* 153 S.W.3d at 405.

Intent to deliver may be proved by circumstantial evidence, including evidence surrounding its possession. *Rhodes v. State,* 913 S.W.2d 242, 251 (Tex. App.—Fort Worth 1995), aff'd, 945 S.W.2d 115 (Tex. Crim. App. 1997). The intent can be inferred from the acts, words, and conduct of the accused. *Patrick v. State,* 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). The factors to be considered in determining whether a defendant possessed contraband with an intent to deliver include the nature of the location where the defendant was arrested, the quantity of drugs the defendant possessed, the manner of packaging the drugs, the presence or absence of drug paraphernalia, whether the defendant possessed a large amount of cash, and the defendant's status as a drug user. *Kibble v. State,* 340 S.W.3d 14, 18-19 (Tex. App.—Houston [1st Dist] 2010, pet. ref'd); *see also Williams v. State*, 902 S.W.2d 505, 507

3

(Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). This list of factors is not exclusive, nor must they all be present to establish a defendant's intent to deliver. *Kibble,* 340 S.W.3d at 19.

Appellant's reasoning contains several flaws, any of them fatal to his contention on appeal. We mention two. First, as the State points out, appellant testified to his intention to share his cocaine with others. His argument the evidence did not show an intent to deliver thus assumes that "delivery" means "sale." But, this is not the case. When an actor possesses a quantity of drugs sufficient to permit the jury to conclude that he possessed them with the intent to distribute them, the statute does not require any existing offer to sell or prospective buyer before he may be held liable under section 481.112. *Lopez v. State,* 108 S.W.3d 293, 300 (Tex. Crim. App. 2003).

Second, appellant acknowledges that the jury heard evidence giving rise to two equally reasonable conclusions: appellant intended either to "smoke his own dope," or intended to deliver it. Applied to the issue of appellant's intent, the standard for evidentiary sufficiency in criminal cases asks whether a rational jury could find, beyond reasonable doubt, he had the intent to deliver the cocaine he possessed, considering the evidence in the light most favorable to the verdict. *Poindexter*, 153 S.W.3d at 406. Choosing between competing rational inferences that may be drawn from the evidence is a part of the role of the fact finder. *Laster v. State,* 275 S.W.3d 512, 523 (Tex. Crim. App. 2009). If the inference that may be drawn from evidence is reasonable, as an appellate court we must defer to the jury's choice and may not substitute our judgment for that of the jury. *Id.* Appellant is correct; the evidence does give rise to a reasonable inference he possessed the cocaine with an intent to deliver it. That the jury chose to

4

draw that inference rather than the negative inference he did not have such an intent is not grounds for reversal.

Appellant admitted his possession of an amount of cocaine that testimony showed could either be for personal use or an amount a "street-level" dealer typically would possess. Appellant, two days before, had sold similarly-packaged cocaine at the same location. He had scales and additional cash. Those facts, augmented by appellant's admission he often shared his personal drugs with others, amply support the jury's conclusion appellant had the intent to deliver. *Kibble,* 340 S.W.3d at 19. The evidence is sufficient to support the trial court's judgment.

We resolve appellant's sole issue against him and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.