**AFFIRMED; Opinion Filed June 25, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01725-CR

### EDWARD ANDRE WILLIAMS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F-12-53682**

## MEMORANDUM OPINION
Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice Lang

This is an appeal from a jury conviction and twenty-year sentence for possession with intent to deliver cocaine in an amount of four grams or more but less than 200 grams. In his first issue, Edward Williams acknowledges he possessed the cocaine, but disputes the sufficiency of the evidence to show he had the intent to deliver. In his second issue, he challenges the trial court's reasonable doubt instruction in the charge to the jury. We affirm the trial court's judgment.

### I. BACKGROUND

This is a circumstantial evidence case. Williams was arrested after officers, acting on an anonymous tip, found him at a carwash holding a shopping bag containing twenty-eight baggies of cocaine and ten baggies of marijuana. The State presented no evidence that Williams was seen

selling the drugs to anyone. Instead, the State relied on a body of evidence derived from the testimony of the arresting officers, the chemist who tested the contents of the baggies in Williams's possession, and a twenty-three year veteran police sergeant. The evidence showed that the area where the car wash was located is known for drug trafficking and gang activity; the twenty-eight baggies of cocaine contained a total of 2.9 grams of cocaine and with adulterants, 5.8 grams; an "individual dosage unit" of cocaine is one-tenth of a gram; the baggies in Williams's possession appeared to contain two-tenths of a gram each; the packaging of the cocaine in twenty-eight baggies and the use of adulterants were consistent with "street-level selling;" and, the marijuana also appeared to be packaged for resale.

## II. INTENT TO DELIVER

In his first issue, Williams asserts "[t]he combined force of the facts . . . do not prove [he] intended to deliver the cocaine he possessed." Specifically, he asserts that the evidence that the cocaine was individually packaged was not dispositive and, without evidence that he was "a known drug dealer," attempted to flee, was also in possession of drug paraphernalia such as scales and additional baggies, and had "a large amount of cash," the evidence is legally insufficient to support the finding that he possessed the cocaine with intent to deliver.

### A. Standard of Review

A legal sufficiency review entails a review of all the evidence in the light most favorable to the verdict for a determination of whether, based on the evidence and reasonable inferences, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). Under this standard, circumstantial evidence is as probative as direct evidence and, alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). In assessing the sufficiency of the evidence, the reviewing court gives deference to the trier of fact's resolution of any conflicts

in testimony, weight of the evidence, and inferences drawn. *See id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

## B. Applicable Law

To prove intent to deliver a controlled substance, the State must show beyond a reasonable doubt that the defendant intended to transfer the substance, actually or constructively, to another. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002 (8) (West Supp. 2013). The term "deliver" includes an offer to sell. *Id.* The State may prove intent by circumstantial evidence including evidence surrounding the possession of the controlled substance and the acts, words, and conduct of the defendant. *See Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.-–Dallas 2003, no pet.); *Smith v. State*, 737 S.W.2d 933, 941 (Tex. App.-–Dallas 1987, pet. ref'd). Factors a court may consider in determining intent include:

•the nature of the location where the defendant was arrested;
•the quantity of the drugs defendant possessed;
•the manner in which the drugs were packaged;
•the presence of any drug paraphernalia or other types of drugs;
•the amount of cash in the defendant's possession; and
•the defendant's status as a drug user.

*See Gaither v. State*, 383 S.W.3d 550, 553-54 (Tex. App.-–Amarillo 2012, no pet.); *Kibble v. State*, 340 S.W.3d 14, 18-19 (Tex. App.-–Houston [1st Dist.] 2010, pet. ref'd); *Taylor*, 106 S.W.3d at 831. This list of factors is not exclusive, and the presence of evidence supporting less than all factors can be sufficient to establish intent. *See Kibble*, 340 S.W.3d at 19.

## C. Application of Law to Facts

The record contains no evidence Williams was a known drug dealer, attempted to flee, possessed drug paraphernalia, and had a large amount of cash. However, such evidence was not required. *See id.* Based on the evidence that the car wash was in an area known for drug activity, the cocaine was mixed with adulterants and packaged in a manner consistent with "street-level selling, and Williams possessed marijuana also packaged for resale, the jury could

–3–

have found beyond a reasonable doubt that Williams intended to transfer or sell the cocaine to others. *See*, *e.g.*, *Praither v. State*, 238 S.W.3d 399, 402-03 (Tex. App.-–Houston [1ˢᵗ Dist.] 2006, pet. ref'd) (evidence sufficient to show intent to deliver where evidence included testimony that defendant found with two bags containing 7.7 grams of cocaine, one bag contained sixteen smaller bags of what appeared to be single-use amounts and, in chemist's opinion was "likely" intended for delivery, and second bag contained two large "cookies" of cocaine that, in officer's opinion, were intended to be sold); *Taylor*, 106 S.W.3d at 831 (same - evidence included testimony that cost and nature of contraband made it "very" unlikely that defendant possessed thirteen individual bags of crack cocaine without intent to sell at least portion). We resolve Williams's first issue against him.

## III. REASONABLE DOUBT INSTRUCTION

Williams's second issue stems from the following instruction in the trial court's charge to the jury:

> It is not required that the prosecution prove guilt beyond all possible doubt; it is only required that the prosecution's proof excludes all reasonable doubt concerning the defendant's guilt.

Williams asserts this instruction "serves to demarcate one of the boundaries of reasonable doubt" and, as such, defines "reasonable doubt" in violation of the Texas Court of Criminal Appeals's holding in *Paulson v. State* that "the better practice is to give no definition of reasonable doubt at all to the jury." *See Paulson*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). Williams asserts this instruction "constitutes structural error" requiring automatic reversal.

### A. Standard of Review

An appellate court reviewing jury charge error engages in a two-step process. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). The first step is to determine if the charge

was erroneous. *Id.* The second step, which occurs only if the reviewing court determines error occurred, is to analyze the error for harm. *Id.*

### B. Applicable Law

In *Paulson*, the court of criminal appeals reviewed its holding in *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991) requiring that the term "reasonable doubt" be defined in the jury charge. *See Paulson*, 28 S.W.3d at 572. The *Geesa* court directed the trial courts to include a particular six-paragraph instruction in their jury charges. *See Geesa*, 820 S.W.3d at 162, *overruled in part by Paulson*, 28 S.W.3d at 573. Concluding two of the six-paragraphs defined "reasonable doubt" in terms of "hesitation" and that a "conscientious juror read[ing] the *Geesa* charge and follow[ing] it literally" would never convict anyone because the decision to convict would cause a juror "with any human feelings or sensitivity at all" to hesitate, the *Paulson* court found those two paragraphs "redundant," "useless," and "ambiguous." *Paulson*, 28 S.W.3d at 572. Those paragraphs provided as follows:

> A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

> Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your affairs.

*See id.* at 572, 573.

### C. Application of Law to Facts

The instruction at issue here, although one of the six instructions the *Geesa* court directed the trial courts to include in their jury charges, is not one of the two the *Paulson* court found "redundant," "useless," and "ambiguous." *See O'Canas*, 140 S.W.3d 695, 700 (Tex. App.–Dallas 2003, pet. ref'd). Despite having the issue squarely before it, the *Paulson* court did not state this instruction defined "reasonable doubt." *See id.* at 701. Because the *Paulson* court did

not find fault with the complained-of instruction, we reject Williams's argument to the contrary and conclude no charge error occurred. Having concluded no charge error occurred, no harm analysis is necessary. We resolve Williams's second issue against him.

## IV. CONCLUSION

We affirm the trial court's judgment.

DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121725F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDWARD ANDRE WILLIAMS, Appellant

No. 05-12-01725-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F-12-53682.
Opinion delivered by Justice Lang.   Justices
FitzGerald and Fillmore participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered this 25th day of June, 2014.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE